UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CARLO LABRADO,<br><br>    Plaintiff,<br><br>    v.<br><br>METHOD PRODUCTS, PBC,<br><br>    Defendant. | Case No. 16-cv-05905-LB<br><br>**ORDER GRANTING THE PLAINTIFF'S MOTION TO REMAND AND DENYING THE DEFENDANT'S MOTION TO STAY**<br><br>Re: ECF Nos. 6 & 14 |

## INTRODUCTION

This is a consumer class action alleging the false, misleading promotion of household-cleaning and personal-care products as natural, plant-based, and hypoallergenic.[1] Carlo Labrado alleges that Method Products markets its products — including hand and body lotions, household cleansers, and laundry detergents — as "safe," "natural," and "heathy," when they actually contain synthetic, toxic, and allergenic ingredients.[2] Believing the products were as advertised, Mr. Labrado

---

[1] Compl. — ECF No. 1-1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* ¶¶ 11, 19.

ORDER — No. 16-cv-05905-LB

1  purchased several items in Lemon Grove, California.[3] He then brought this class action in state

2  court alleging violations of California's consumer-protection statutes.[4]

3  Method removed the case to this court under the Class Action Fairness Act.[5] Mr. Labrado now

4  moves to remand the case for lack of subject-matter jurisdiction and Method moves for a stay

5  pending settlement-approval in a similar, but separate, class action.[6]

6  The court can decide this matter without argument and vacates the December 1, 2016 hearing.

7  *See* N.D. Cal. Civ. L.R. 7-1(b). The court grants Mr. Labrado's motion to remand, pending his

8  filing of an amended complaint clarifying his class definition. The court denies Method's motion

9  to stay.

**STATEMENT**

Method Products makes, markets, and sells "home cleaning and personal care products, including hand and body lotions, household cleansers and laundry detergents."[7] To "capitalize[] on consumers' desire for natural and non-toxic products," Method advertises these products as "natural, naturally derived, plant-based, hypoallergenic, and non-toxic."[8] For example, Method's website "touts [the company's] 'green' story and creates a perception of a company that invests in consumer and environmental health by eliminating the use of toxic chemicals and ingredients from its products."[9] And on its products, Method "prominently displays terms such as 'naturally derived' or 'non-toxic.'"[10] Yet according to Mr. Labrado, "the ingredients contained in [Method's]

---

[3] *Id.* ¶¶ 26–32.

[4] *Id.* ¶¶ 45–86.

[5] Notice of Removal — ECF No. 1.

[6] Motion to Remand — ECF No. 6; Motion to Stay — ECF No. 14.

[7] Compl. ¶ 11.

[8] *Id.* ¶ 2.

[9] *Id.* ¶¶ 12–17.

[10] *Id.* ¶ 18.

[p]roducts are neither natural, nor safe" — they contain ingredients that are synthetic, toxic, and known allergens.[11]

Not knowing that Method's product labels and advertisements were false, Mr. Labrado bought several products at a Lemon Grove, California Target.[12] These products, including body and hand washes, dish soap, and laundry detergent, ranged in price from $2.99 to $12.99.[13] Relying on the false labels and advertisements, he "and thousands of similarly situated consumers purchased" these products "and paid more for them than they would have if they had known the truth about the synthetic ingredients."[14]

Mr. Labrado therefore filed this class action in state court and alleged that Method violated three California consumer-protection statutes: (1) the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) the False Advertising Law ("FAL"), *id.* § 17500 *et seq.*; and (3) the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*[15] He brought the suit on behalf of himself and "all others similarly situated," and defined the class to include "[a]ll persons in the State of California who, within four years prior to the filing of this Complaint, purchased Defendant's Products."[16] Method answered the complaint and removed the case to this court under the Class Action Fairness Act ("CAFA").[17] In its Notice of Removal, Method asserted "minimal diversity" under CAFA because the class definition was not limited to California citizens, and thus includes non-California citizens who purchased the products while in the state.[18]

The parties then filed competing motions. Mr. Labrado moves to remand the case to state court because, he urges, this court lacks subject-matter jurisdiction.[19] Method moves to stay the case

---

[11] *Id.* ¶¶ 19–20 (see table).
[12] *Id.* ¶ 26.
[13] *Id.*
[14] *Id.* ¶¶ 27–30.
[15] *Id.* ¶¶ 45–86.
[16] *Id.* ¶ 33.
[17] Answer — ECF No. 1-3; Notice of Removal ¶¶ 10–13.
[18] Notice of Removal ¶ 12.
[19] Motion to Remand — ECF No. 6.

pending the approval of a settlement in a factually similar, nationwide class action in the Southern District of New York.[20] *See Vincent v. People Against Dirty, PBC*, No. 16-cv-06936 (S.D.N.Y.).

## GOVERNING LAW

A defendant in state court may remove an action to federal court if the action could have been filed originally in federal court. 28 U.S.C. § 1441(b). Original jurisdiction may be based on diversity or federal-question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant has the burden of proving the basis for the federal court's jurisdiction, and, generally, "the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Under CAFA, however, there is no presumption against removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). But the defendant "still bears the burden of establishing removal jurisdiction." *In re Anthem, Inc.*, 129 F. Supp. 3d 887, 892–93 (N.D. Cal. 2015) (citing *Dart*, 135 S. Ct. at 554); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

Procedurally, the action must be removed within 30 days of service of the initial pleading. 28 U.S.C. § 1446(b). If there is a defect in the removal procedure or in the court's jurisdiction, the plaintiff may move to remand the case to state court. 28 U.S.C. § 1447(c).

## ANALYSIS

**1. The Court Considers the Motion to Remand**

The threshold issue is which motion the court should consider first: the motion to remand or the motion to stay. Mr. Labrado argues that the court must first determine whether removal was proper and thus whether the court has jurisdiction.[21] *See Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 696 (S.D. W. Va. 1999) ("This Court cannot . . . stay proceedings in an action

---

[20] Motion to Stay — ECF No. 14 at 3.

[21] Opposition to Motion to Stay — ECF No. 16 at 4–6.

ORDER — No. 16-cv-05905-LB                4

Case 3:16-cv-05905-LB   Document 24   Filed 11/28/16   Page 5 of 12

over which it lacks jurisdiction."); *Stern v. Mutual Life Ins. Co. of New York*, 968 F. Supp. 637, 639 (N.D. Ala. 1997) ("If the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter such a stay."). Method, on the other hand, argues that the court has discretion to first consider its motion to stay.[22] *See Tucker v. Organon USA, Inc.*, No. C 13-00728 SBA, 2013 WL 2255884, at *2 (N.D. Cal. May 22, 2013) (granting motion to stay and denying without prejudice motion to remand); *Hubuschman v. Zuckerberg*, No. C-12-3366 MMC, C-12-3367 MMC, C-12-3642 MMC, 2012 WL 3985509, at *2 (N.D. Cal. Sept. 11, 2012).

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Before granting a stay, a district court must weigh the competing interests, including: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Courts in this district have granted temporary stays in class actions where there is a pending settlement in a factually similar (but separate) case. *See, e.g.*, *In re JPMorgan Chase LPI Hazard Litigation*, No. C-11-03058 JCS, 2013 WL 3829271 (N.D. Cal. July 23, 2013); *Jaffe v. Morgan Stanley DW, Inc.*, No. C06-3903 TEH, 2007 WL 163196 (N.D. Cal. Jan. 19, 2007); *Advanced Internet Techs., Inc. v. Google, Inc.*, Nos. C-05-02579 RMW, C-05-02885 RMW, 2006 WL 889477 (N.D. Cal. April 5, 2006).

Method points to two cases where the court stayed the case before considering a remand.[23] *See Tucker*, 2013 WL 2255884 at *2 (granting motion to stay and denying without prejudice motion to remand); *Hubuschman*, 2012 WL 3985509 at *2. In both, the defendant sought a stay pending the Judicial Panel on Multidistrict Litigation's ("MDL") decision to transfer the case to an established MDL court. *Tucker*, 2013 WL 2255884 at *1; *Hubuschman*, 2012 WL 3985509 at *1.

---

[22] Reply to Motion to Stay — ECF No. 18 at 3.
[23] *Id.*

ORDER — No. 16-cv-05905-LB                5

Emphasizing the conservation of judicial resources by having the MDL court decide common issues (if the transfer was approved), the court in both stayed the case before considering the plaintiff's motion to remand. *Tucker*, 2013 WL 2255884 at *1–*2; *Hubuschman*, 2012 WL 3985509 at *1–*2.

In a similar MDL-transfer situation, another court faced a motion to stay pending transfer and a motion to remand for lack of jurisdiction based on the improper joinder of a non-diverse defendant. *Burton v. Organon USA Inc.*, No. C 13-1535 PJH, 2013 WL 1963954, at *1 (N.D. Cal. May 10, 2013). The court explained that staying the case would conserve judicial resources and avoid inconsistent results: because the question of whether the non-diverse defendant was a proper party was already before the MDL court, "judicial economy would be better served by staying th[e] case pending the transfer, rather than by considering the motion to remand." *Id.* at *2. The court therefore stayed the case. *Id.*

A stay here will not produce the same efficiency and consistency. Unlike the MDL-transfer cases, there is no efficiency gained by delaying a decision on Mr. Labrado's motion to remand: this is not a repeat question best suited for a single court to decide. It is instead more efficient for the court to address Mr. Labrado's fully briefed motion now. There is similarly no risk of inconsistent results, and any prejudice to Method caused by litigating this case while the *Vincent* settlement is pending could be addressed by a stay in state court. And in light of recent Ninth Circuit precedent and substantial in-district authority, there is a clear path to remand in this case. The court therefore considers Mr. Labrado's motion to remand. *Cf. Camara v. Bayer Corp.*, No. 09-06084 WHA, 2010 WL 902780, at *3 (N.D. Cal. Mar. 9, 2010) (granting a motion to stay and noting that "[i]f the remand motion appeared to be more one-sided in favor of plaintiffs, the undersigned would be inclined to decide the motion now").

**2. The Court Grants Leave to Clarify the Class Definition and Remands the Case**

To determine if the court has subject-matter jurisdiction and removal was proper, the court must address two issues. First, whether Mr. Labrado's class definition — as pled — includes only

1  California citizens, destroying "minimal diversity" under CAFA. Second, if not, whether he may

2  amend his complaint to clarify that he intended to so limit the class.

### 2.1  The Court Cannot Conclude that the Class as Pled Excludes Non-California Citizens

"CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class [(1)] has more than 100 members, [(2)] the parties are minimally diverse, and [(3)] the amount in controversy exceeds $5 million." *Dart*, 135 S.Ct. at 552 (citing 28 U.S.C. § 1332(d)(2), (5)(B)). The traditional requirement of complete diversity accordingly does not apply: "minimal diversity" confers jurisdiction where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006). "If a defendant cannot establish that CAFA's minimal diversity has been satisfied, then CAFA cannot serve as a basis for subject matter jurisdiction." *In re Anthem*, 129 F. Supp. 3d at 893 (citing *Weigh v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Ca. 2014)).

In *Turner v. Corinthian International Parking Services, Inc.*, the court could not determine if the plaintiff's class definition was limited to California citizens, precluding minimal diversity. No. C 15-03495 SBA, 2015 WL 7768841, at *2 (N.D. Cal. Dec. 1, 2015). In *Turner*, the plaintiff defined the class as "[a]ll current and former hourly-paid or non-exempt California-based employees who were employed by Defendants [*sic*] within the State of California" during the relevant period. *Id.* at *1 (alterations in original). The parties had different interpretations of who the class included: the defendant argued that the definition included former employees domiciled in other states; the plaintiff argued that "persons domiciled in another state [were] *not* included in the proposed class." *Id.* at *2. But the court could not conclude, based on the complaint's language, that the class was limited to California citizens. *Id.*

Here, similar to *Turner*, Mr. Labrado ambiguously defines the proposed class to include "[a]ll persons in the State of California who, within four years prior to the filing of this Complaint,

purchased Defendant's Products."[24] And like *Turner*, the parties have different interpretations of what this means. Method argues that the class definition includes non-California citizens, for example:

> citizens of states other than California who were in California when they purchased Method products; persons who are former citizens of California who were located in California at the time they purchased Method products, but who as of the date the Complaint was filed were no longer citizens of California; and persons who are not citizens of the United States who were in California when they purchased Method products.[25]

Mr. Labrado disagrees: he argues that the definition, limited to those "similarly situated in the State of California," includes only California citizens.[26] But despite Mr. Labrado's interpretation, as in *Turner*, the court cannot conclude that the class definition, as pled, is so limited. "This, however, does not conclude the matter": the court next considers whether Mr. Labrado may amend his complaint to clarify the definition. *Turner*, 2015 WL 7768841 at *2.

### 2.2  Mr. Labrado May Amend the Complaint to Clarify the Class Definition

Generally, "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). But the Ninth Circuit recently held that "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015). The Court reasoned that state-court complaints may not be drafted to "address CAFA-specific issues, such as the local controversy exception." *Id.*; *see Smilow v. Anthem Blue Cross Life and Health Ins. Co.*, No. CV 15-4556-MWF(AGRx), 2015 WL 4778824, at *6 (C.D. Cal. Aug. 13, 2015) (rejecting distinction under *Benko* between initial removability and CAFA exceptions). A clarifying amendment can thus "provide a federal court with the information required to determine whether a suit is within the court's jurisdiction

---

[24] Compl. ¶ 33.

[25] Notice of Removal ¶ 12.

[26] Compl. at 1:1–2, ¶ 33; Motion to Remand at 6.

ORDER — No. 16-cv-05905-LB          8

under CAFA." *Benko*, 789 F.3d at 1117. A plaintiff may not, however, amend the complaint to avoid federal-court jurisdiction. *See id.* (noting that the plaintiffs "did not amend the FAC to eliminate a federal question so as to avoid federal jurisdiction" but to "clarify issues pertaining to federal jurisdiction under CAFA"). Several courts in this circuit have considered amended complaints clarifying CAFA jurisdictional issues on motions to remand. *See Broadway Grill, Inc. v. Visa, Inc.*, No. 16-cv-04040-PJH, 2016 WL 5390415, at *3 (N.D. Cal. Sept. 27, 2016) ("*Broadway Grill II*"); *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 917 (N.D. Cal. 2016); *Turner*, 2015 WL 7768841 at *3; *In re Anthem*, 129 F. Supp. 3d at 896; *Smilow*, 2015 WL 4778824 at *6.

For example, in *Turner*, the court allowed the plaintiff to amend his complaint to clarify the CAFA class definition. 2015 WL 7768841 at *3. There, "the pleadings [did] not expressly allege that non-California citizens [were] excluded from the class definition." *Id.* But the complaint as pled supported the conclusion that the plaintiff intended to limit the class to California citizens. *Id.* at *3. "The Complaint [(1)] allge[d] claims against a California-based Defendant, [(2)] assert[ed] only claims for relief arising under California law, and [(3)] clearly limit[ed] the class to persons employed by Defendant in California." *Id.* The class definition was moreover "susceptible to Plaintiff's asserted interpretation, i.e., that 'California-based' refers to California citizenship." *Id.* The amendment was therefore intended to clarify CAFA jurisdiction, not to manipulate forum, and the court granted leave to amend. *Id.*

Here, like *Turner* and as discussed above, Mr. Labrado's class definition does not expressly limit the class to California citizens.[27] But Mr. Labrado's complaint supports his interpretation: he (1) alleged claims against only a California defendant (Method is domiciled in California);[28] (2) asserted only claims for relief under California law (the UCL, FAL, and CLRA);[29] and (3) clearly limited the class to purchasers of Method's products in California.[30] Mr. Labrado's class definition

---

[27] *See* Compl. ¶ 33.

[28] Notice of Removal ¶ 11.

[29] Compl. ¶¶ 45–86.

[30] Compl. ¶ 33.

— though ambiguous — is also susceptible to his interpretation that the class is limited to California citizens. His proposed amendment limiting the class to "[a]ll citizens of California" is thus a clarification permitted under *Benko*.[31] *See Broadway Grill II*, 2016 WL 5390415 at *3 (holding that "[t]he amendments only clarify that the putative class definition was based on citizenship" where the "original class definition was ambiguous but, . . . 'susceptible to Plaintiff's asserted interpretation' that the class was limited to California citizens").

### 2.3  Mr. Labrado Must File an Amended Complaint Before Remand

Faced with similar circumstances, some courts have deemed the plaintiff's complaint amended and remanded the case to state court. *See, e.g.*, *Smilow*, 2015 WL 4778824 at *6–*7 (deeming the complaint to "refer to California 'citizens' rather than 'residents,'" and remanding the case). Other courts have required the plaintiff to seek formal leave of court (or counter-party stipulation) before remanding the case. *Broadway Grill, Inc. v. Visa Inc.*, No. 16-cv-04040-PJH, 2016 WL 4498822, at *4 (N.D. Cal. Aug. 29, 2016) ("*Broadway Grill I*") (denying request to "deem" complaint amended); *Broadway Grill II*, 2016 WL 5390415 at *3 (granting leave to amend and remanding the case). For example, in *Broadway Grill I*, the court refused to "deem" the complaint amended based on attorneys' declarations regarding the intended class definition, "especially since the matter was first raised in the reply brief." 2016 WL 4498822 at *4. The court instead required the plaintiff to formally seek leave to amend. *Id.* The plaintiff did, clarifying that the class definition included only California citizens, and the court remanded the case. *Broadway Grill II*, 2016 WL 5390415 at *3.

Here, unlike in *Broadway Grill I*, Mr. Labrado raised the issue of amendment (albeit briefly) in his motion to remand.[32] Method accordingly had an opportunity to defend the request. In its opposition, it argued that Mr. Labrado should not be permitted to amend because (1) removal jurisdiction is determined at the time of removal and any amendment "would be sought for no

---

[31] Reply to Motion to Remand — ECF No. 17 at 5.

[32] Motion to Remand at 7.

other purpose than to divest this court of jurisdiction"; and (2) "any such amendment would prejudice Method by forcing it to defend itself in both state and federal courts on identical issues with national implications."[33] But, as shown above, Ninth Circuit precedent permits amendments to clarify CAFA jurisdiction, and the court is satisfied that Mr. Labrado's proposed amendment is for that purpose, not to divest this court of jurisdiction. And Method does not cite authority for the proposition that having to simultaneously litigate in state and federal courts constitutes undue prejudice that warrants denying leave to amend. "On the contrary, it is a fact of our federal system that cases involving similar allegations are, at times, simultaneously in both state and federal court." *Broadway Grill II*, 2016 WL 5390415 at *2.

Absent a showing of prejudice, undue delay, bad faith, or futility, the court therefore grants leave to amend. *See Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009); *Broadway Grill II*, 2016 WL 5390415 at *2 (granting leave to file clarifying CAFA amendment where the case was at an early stage, and there was no bad faith or undue delay). The court will not, however, "deem" the complaint amended. Mr. Labrado must file an amendment clarifying the class definition, after which the case will be remanded. *See Broadway Grill II*, 2016 WL 5390415 at *3 ("Upon the filing of the amended complaint, it is further ordered that the Clerk immediately effect the remand back to the Superior Court of California . . . .").

\*   \*   \*

---

[33] Opposition to Motion to Remand — ECF No. 15 at 6.

**CONCLUSION**

The court grants Mr. Labrado leave to amend his complaint for the limited purpose of clarifying the scope of the class definition. He must file his amended complaint within three business days of this order. Once filed, the Clerk of Court will immediately remand the case to the Superior Court of California, County of San Francisco. Because the court lacks subject-matter jurisdiction, the court denies Method's motion to stay.

**IT IS SO ORDERED.**

Dated: November 28, 2016

LAUREL BEELER
United States Magistrate Judge